I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL POSTAGE PREPAID, TO ALL COUNSEL (OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: 2-23-09

DEPUTY CLERK



UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DARYL BOWEN, SR.,<br><br>    Plaintiff,<br><br>    v.<br><br>AUGUSTIN ARIAS, et al.,<br><br>    Defendants. | Case No. CV 09-0975-R (MLG)<br><br>MEMORANDUM AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

## I. Facts

Plaintiff Daryl Bowen, Sr., who is currently a state prisoner incarcerated at the Desert View MCCF in Adelanto, California, filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 on February 13, 2009. The complaint alleges that on June 7, 2007, Agustin Arias, a police detective employed by the Lompoc, California Police Department, violated his Fourth Amendment rights by seizing money and valuables from Plaintiff's safety deposit box at the Rabobank without probable cause and without a warrant. Plaintiff also names the Lompoc Police Department and the Rabobank as Defendants. Plaintiff claims that the Police Department failed to uphold the United States Constitution and that the bank breached its contract

with Plaintiff by allowing Officer Arias to enter the safety deposit box.

For the reasons set forth below, the complaint is **DISMISSED** with leave to amend as to the Lompoc Police Department and the Rabobank. *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (*pro se* litigant should be given an opportunity to amend deficient pleadings unless it is clear that these deficiencies cannot be overcome).

## II. Discussion and Analysis

### A. Duty to Screen.

The Court has screened the complaint for purposes of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

The Court's screening of the Complaint under the foregoing statute is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dept*, 901 F.2d 696, 699 (9th Cir. 1990). Since Plaintiff is appearing *pro se*, the Court must construe the allegations of the Complaint liberally and must afford Plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Moreover, in determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the Plaintiff. *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir.

1989).

### B. Plaintiff Has Failed to State a Claim Against the Lompoc Police Department.

Plaintiff contends that Defendant Lompoc Police Department is liable for failing to uphold the Fourth Amendment. For the reasons discussed below, the Court finds that Lompoc Police Department should be dismissed with leave to amend.

To state a claim under section 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person while acting under color of law. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 624 (9th Cir. 1988). To establish municipal or county liability under § 1983, a plaintiff must identify the policy or custom that caused the constitutional deprivation. *Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 691 (1978); see also *Board of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 403 (1997) ("[A] plaintiff seeking to impose liability on a municipality under § 1983 [must] identify a municipal 'policy' or 'custom' that caused the plaintiff's injury."). A governmental entity cannot be held liable under § 1983 for an injury caused solely by its agents or employees based on a theory of respondeat superior or vicarious liability. *Monell* at 694. Similarly, it cannot be held liable solely because it employs a tortfeasor. *Id.* at 691. Rather, only when the execution of the government's policy or customs inflicts the constitutional injury may a governmental entity may be held liable under § 1983. *Id.* at 694. Additionally, the plaintiff must establish that the governmental entity, through its deliberate conduct, was the moving force behind

3

the injury or harm suffered and must establish a direct causal link between the governmental entity's action and the deprivation of a federally protected right. *Brown*, 520 U.S. at 403-04.

Here, Plaintiff simply alleges that the Police Department failed to uphold the Fourth Amendment. This is clearly an attempt to establish liability based upon Arias's conduct under the theory of respondeat superior. This fails to state a claim upon which relief may be granted. The police department is dismissed with leave to amend.

C. **Plaintiff Has Failed to State a Claim Against Rabobank**

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and *must show that the alleged deprivation was committed by a person acting under color of state law*." *West v. Atkins*, 487 U.S. 42, 48 (1988)(emphasis added). Rabobank is clearly a private entity and was not acting under color of state law during the events in question. "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West*, 487 U.S. at 49 (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). A privately owned bank is not clothed with the authority of state law.

Moreover, Plaintiff has failed to allege a cause of action under which the court would have subject matter jurisdiction against the bank. Subject matter jurisdiction in federal court can be found under either 28 U.S.C. § 1331, involving a federal question or a right created under federal law; or 28 U.S.C. § 1332, granting jurisdiction

where there is diversity of citizenship between the plaintiffs and defendants. Here, Plaintiff has failed to establish a basis for jurisdiction. Accordingly, Defendant Rabobank shall be dismissed with leave to amend.

### III. Order

It is hereby **ORDERED**:

1. All claims against the Defendants except Officer Arias are dismissed.

2. It is established that a *pro se* litigant must be given notice of the deficiencies of the complaint and an opportunity to amend the complaint to state a claim, unless it is absolutely clear the deficiencies of the complaint cannot be cured by amendment. *Karim-Panahi*, 839 F.2d at 623; *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987). Plaintiff will be give an opportunity to demonstrate that he can state a viable claim against any other defendant. Accordingly, if Plaintiff wishes to pursue this action against additional defendants, he may file a first amended complaint within **twenty-one (21) days** of the date of this Order, remedying the deficiencies discussed above.

The first amended complaint must set forth all of the facts which support Plaintiff's claims and may not refer to the original complaint. The first amended complaint should be captioned "FIRST AMENDED COMPLAINT," and should bear this case name. The first amended complaint must clearly identify the specific acts on which the claims are based. It should include the date, time, place, and circumstances of the offending conduct, the names of the individuals who committed the conduct, the full details of what each defendant did or failed

to do, and the damage or injury suffered by Plaintiff as a result. **The first amended complaint shall also indicate whether the seizure of Plaintiff's deposit box is related to his current incarceration and whether a motion to suppress was filed in the criminal trial court and the result of that motion.**

Plaintiff is cautioned that he is responsible for presenting factually accurate information to the court. A knowing misrepresentation to the Court is punishable by sanctions, including dismissal.

3. If Plaintiff decides not to pursue causes of action against Defendants other than Arias, he need not file anything in response to this Order and the action shall be served upon Officer Arias.

4. Plaintiff is cautioned that the failure to timely file a first amended complaint will be construed by the magistrate judge as his consent to dismissal of this action as to the defendants and claims outlined above.

5. The Court's deputy clerk shall serve on Plaintiff a copy of this memorandum and order and a blank civil rights complaint form bearing the case number assigned to this action and marked to show that it is a "First Amended Complaint." If Plaintiff chooses to continue prosecuting this action, Plaintiff must use this form to the extent possible and not simply attach other documents to it and attempt to incorporate claims by reference to the attachments.

Dated: February 20, 2009

Marc L. Goldman
United States Magistrate Judge